**United States District Court**

For the Northern District of California

1

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10 ROBERTO ORTIZ,                                    No. C 08-4663 WHA (PR)

11            Petitioner,                            **ORDER TO SHOW CAUSE**

12    v.

13 CALIFORNIA BOARD OF PAROLE
   HEARINGS and B. CURRY, Warden,
14
               Respondents.
15 _____/

16

17        Petitioner, a California prisoner currently incarcerated at the Correctional Training

18 Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

19 § 2254.  He has paid the filing fee.

20        The petition attacks denial of parole, so venue is proper in this district, which is where

21 petitioner is confined.  *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and

22 district of confinement).

23                                    **DISCUSSION**

24 **A.    STANDARD OF REVIEW**

25        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26 custody pursuant to the judgment of a State court only on the ground that he is in custody in

27 violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

28 *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

1    requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ

2    of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

3    court must "specify all the grounds for relief which are available to the petitioner ... and shall

4    set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

5    the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not

6    sufficient, for the petition is expected to state facts that point to a 'real possibility of

7    constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

8    688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient

9    are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d

10   1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

11   **B.    LEGAL CLAIMS**

12        In 1991 a Los Angeles jury convicted petitioner of second degree murder. With

13   sentencing enhancements, he received a sentence of fifteen years to life plus eleven years in

14   prison. This petition is directed to a denial of parole on October 19, 2006, at petitioner's first

15   parole hearing.

16        As grounds for federal habeas relief, petitioner asserts that: (1) the Board used a "some

17   evidence" standard to deny him parole, and use of that standard was a due process violation; (2)

18   the Board is not an unbiased decision-maker, as it is determined to deny parole; and (3) there

19   was not "some evidence" to deny parole. These allegations are sufficient to require a response.

20   *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least

21   "some evidence" support parole denial).

22                               **CONCLUSION**

23        1. The clerk shall mail a copy of this order and the petition with all attachments to the

24   respondent and the respondent's attorney, the Attorney General of the State of California. The

25   clerk shall also serve a copy of this order on the petitioner.

26        2. Respondent shall file with the court and serve on petitioner, within sixty days of the

27   issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

28   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

2   trial record that have been transcribed previously and that are relevant to a determination of the

3   issues presented by the petition.

4   If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

5   court and serving it on respondent within thirty days of his receipt of the answer.

6   3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

7   as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

8   motion, petitioner shall file with the court and serve on respondent an opposition or statement of

9   non-opposition within thirty days of receipt of the motion, and respondent shall file with the

10  court and serve on petitioner a reply within 15 days of receipt of any opposition.

11  4.  Petitioner is reminded that all communications with the court must be served on

12  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

13  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

14  must keep the court informed of any change of address by filing a separate paper with the clerk

15  headed "Notice of Change of Address," and comply with any orders of the court within the time

16  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

17  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*

18  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19  **IT IS SO ORDERED.**

20  Dated: October 20 , 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28  G:\PRO-SE\WHA\HC.08\ORTIZ4663.OSC.wpd